Stephanie Oblander
Smith Oblander & Meade, P.C.
104 2nd Street South, Suite 400
PO Box 2685
Great Falls, MT  59403-2685
Telephone: (406) 453-8144
steph@bigskylaw.com
*Attorneys for Ahmad Khaled Alrwias*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| ERIC MORSE,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; RASIER-MT, LLC; AHMAD KAHLED ALRWIAS, and JOHN DOES I-X,<br><br>    Defendants. | Cause No:  CV-20-21-M-DWM<br><br>**DEFENDANT ALRWIAS' ANSWER TO COMPLAINT AND JURY DEMAND** |

COMES NOW, the Defendant Ahmad Kahled Alrwias ("Alrwias"), by and through his attorneys, and for his Answer to the Plaintiff Eric Morse's Complaint And Demand for Jury Trial ("Complaint"), admits, denies and alleges as follows:

**<u>FIRST DEFENSE</u>**

Plaintiff's Complaint fails to state a claim against Alrwias upon which relief

Defendant Alrwias' Answer to Complaint And Jury Demand - Page 1

can be granted.

## **SECOND DEFENSE**

1.  Alrwias lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 1-4 of the Complaint and denies same on such basis.

2.  Answering paragraph 5 of the Complaint, Alrwias admits the allegations therein.

3.  Alrwias lacks information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and denies same on such basis.

4.  The allegations in paragraphs 7 and 8 of the Complaint are legal conclusions for which no response is required.

5.  The allegations in paragraph 9 are directed at Defendants other than Alrwias, and thus no response is required. To the extent any response may be required Alrwias lacks information sufficient to form a belief as to the truth of the allegations, and they are denied on such basis.

6,  Answering paragraph 10 of the Complaint, Alrwias admits that on March 6, 2019, he was serving as an Uber driver and picked up Plaintiff and another individual accompanying Plaintiff. Alrwias admits that he had a seizure and a collision ensued as a result. Alrwias lacks information sufficient to form a belief as

to the truth or accuracy of the remaining allegations in paragraph 10 and deny the same on such basis.

7. Answering paragraph 11 of the Complaint, Alrwias admits that he has had seizures prior to the subject accident and that he was taking his prescribed medications for such condition. Alrwias was approved to drive by his physician and had a valid driver's license at the time of the accident. Alrwias lacks information sufficient to form a belief as to the truth of the last sentence in paragraph 11 and denies the same on such basis.

8. Answering paragraph 12 of the Complaint, Alrwias admits he did not convey information regarding his medical history to anyone associated with Uber prior to becoming an Uber driver. The balance of the allegations in paragraph 12 of the Complaint are directed to other defendants, and thus no response is required. To the extent a response may be required, Alrwias denies the allegations in the balance of paragraph 12.

9. Answering paragraph 13 of the Complaint, Alrwias denies Bozeman Police recommended a driver reexam. Alrwias admits he worked and served as an Uber driver after the accident in question.

10. Alrwias denies paragraph 14 of the Complaint.

11. Answering paragraph 15 of the Complaint, Alrwias admits that he served as an Uber driver; the allegations of agency and vicarious liability are legal conclusion for which no response is required. Alrwias denies that he was negligent.

16. Answering paragraph 16 of the Complaint, the allegations ae directed to defendants other than Alrwias and are legal conclusions; therefore, no response is required.

17. Answering paragraph 17 of the Complaint, the allegations are directed to defendants other than Alrwias, and therefore no response is required. To the extent Plaintiff contends that Alrwias was not a fit and safe driver, such allegation is denied.

18. Answering paragraph 18 of the Complaint, Alrwias denies that he was negligent.

19. Alrwias denies each and every allegation of the Complaint that is not specifically admitted or otherwise qualified.

### THIRD DEFENSE

Affirmative Defenses

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff's damages were proximately caused by an unforeseeable,

independent, intervening and/or superseding event or cause beyond the control of and unrelated to the conduct of Alrwias.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to take reasonable care to minimize the alleged damages of which he complains, or otherwise mitigate his damages (This defense is being pled at this time to avoid potential waiver issues, and will be withdrawn at the appropriate time if discovery does not support the defense.)

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Alrwias' exercise of reasonable care, including taking medication as prescribed by his physician.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff may have been compensated by other collateral sources of recovery, which bar, offset, reduce or minimize any potential recovery against Alrwias, pursuant to MCA § 27-1-308 (This defense is being pled at this time to avoid potential waiver issues, and will be withdrawn at the appropriate time if discovery does not support the defense.)

## FIFTH AFFIRMATIVE DEFENSE

Some or all of the injuries or other physical conditions or ailments which

Plaintiff complains of may predate the accident at issue in this case and/or may be unrelated to the subject accident. (This defense is being pled at this time to avoid potential waiver issues, and will be withdrawn at the appropriate time if discovery does not support the defense.)

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were not caused by any negligent conduct of Alrwias.

### SEVENTH AFFIRMATIVE DEFENSE

Alrwias is entitled to a credit or offset against any judgment that may be entered against him in the amount of any payments made to Plaintiff or on behalf of Plaintiff or to any of Plaintiff's health care providers prior to entry of judgment.

### EIGHTH AFFIRMATIVE DEFENSE

Alrwias has the right of contribution or indemnity from any other party, non-party or settling party whose negligence or fault may have contributed as a cause to any injuries or damages allegedly sustained by Plaintiff, and such persons or entities may be joined and/or placed on the verdict form pursuant to Montana law, including Mont. Code Ann. § 27-1-703. Additionally, any settlement or release of such persons or entities constitutes an assumption of the liability allocated to such settled or released parties.

### NINTH AFFIRMATIVE DEFENSE

If it is determined that Plaintiff has suffered any damages, such damages or

injuries, if any, were caused by or contributed to by the acts and/or negligence of other individuals or entities whose conduct is unrelated to Alrwias.

### TENTH AFFIRMATIVE DEFENSE

Alrwias did not engage in any wrongful conduct, he did not engage in conduct that could reasonably be considered malicious or fraudulent, or which could otherwise give rise to punitive damages under MCA § 27-1-221, and he was not negligent.

### ELEVENTH AFFIRMATIVE DEFENSE

Alrwias has a right to indemnity from other Defendants to the extent it is determined that Alrwias was acting within course and scope of employment with Uber or other named Defendants, pursuant to MCA § 39-2-701, et. seq., and to the extent it is determined that Alrwias was acting as an agent for Uber, pursuant to MCA § 28-10-602.

### TWLEFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the recommendations of Alrwias' health care provider, including the following: that driving restrictions were not appropriate or necessary, that periodic driving evaluations by the Dept. of Motor Vehicles were not appropriate or necessary, and that Alrwias was physically and mentally capable of safely operating a motor vehicle.

WHEREFORE, Defendant Alrwias prays for the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice and that he take nothing thereby;

2. For Defendant Alrwias' costs and disbursements herein;

3. For such other and further relief as this Court deems just and proper.

Respectfully submitted this 22nd day of April, 2020.

> Smith Oblander & Meade, PC
>
> /s/ Stephanie Oblander
> Stephanie Oblander
> P.O. Box 2685
> Great Falls, Montana 59403-2685
> Phone: (406) 453-8144
> Fax: (406) 578-1853
> Email: steph@bigskylaw.com
> *Attorneys for Defendant Alrwias*

## **DEMAND FOR JURY TRIAL**

COMES NOW, Defendant Ahmad Khaled Alrwias, and hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 22nd day of April, 2020.

> Smith Oblander & Meade, PC
>
> /s/ Stephanie Oblander
> Stephanie Oblander
> P.O. Box 2685
> Great Falls, Montana 59403-2685
> Phone: (406) 453-8144
> Fax: (406) 578-1853
> Email: steph@bigskylaw.com
> *Attorneys for Defendant Alrwias*

CERTIFICATE OF SERVICE

      I, Stephanie A. Oblander, of the law firm of Smith Oblander & Meade, P.C., do hereby certify that on the 22nd day of April, 2020, I caused to be served the foregoing document in the above matter this date to:

| | |
|---|---|
| _1,2, 3_ | CM/ECF |
| ___ | Hand delivery |
| ___ | Mail |
| ___ | Overnight delivery service |
| ___ | Fax |
| ___ | Email |

1.    Clerk of US District Court
2.    Mr. John Heenan
      Mr. Joe Cook
      Heenan & Cook
      1631 Zimmerman Trial
      Billings, MT  59102
3.    Mr. Dale Cockrell
      145 Commons Loop, Suite 200
      Kalispell, MT  59904-7370

                                                Smith Oblander & Meade, PC

                                                /s/ Stephanie Oblander
                                                Stephanie Oblander
                                                P.O. Box 2685
                                                Great Falls, Montana 59403-2685
                                                Email: steph@bigskylaw.com
                                                *Attorneys for Defendant Alrwias*